# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ILONA REINHARDT, )
)
              Plaintiff, )
)
v. ) No. CIV-08-178-FHS
)
THE STATE OF OKLAHOMA, EX. REL.,)
DEPARTMENT OF MENTAL HEALTH AND )
SUBSTANCE ABUSE SERVICES, )
ET. AL. )
)
              Defendants.)

## ORDER

    Before the court for its consideration is Defendants' Motion to Strike Plaintiff's Complaint and Dismiss with Prejudice.[1]  In this motion, defendants argue the court should strike the complaint and dismiss this suit with prejudice because it concerns the same facts as found in 07-261 and that case has been settled.  Defendants have filed a Motion to Enforce Settlement Agreement in case number 07-261-FHS seeking enforcement of a settlement agreement which was reached between the parties at an April 14, 2008 judicial settlement conference.  Defendants contend this case is clearly barred by the terms of the April 14, 2008, Settlement Agreement.

    The court finds the facts as follows.  On August 23, 2007, plaintiff through counsel filed a Title VII lawsuit in this court.  In this Complaint, she alleges gender discrimination, discrimination based on national origin, retaliation, deprivation of constitutional rights, violation of the Family Medical Leave

---

[1]Contemporaneously, defendants filed a Motion To Enforce Settlement Agreement in the companion case of 07-261.

Act, a 42 U.S.C. Sec. 1983 free speech claim and a wrongful discharge under Oklahoma common law. These claims arise from her employment with and separation from the Oklahoma Department of Mental Health and Substance Abuse Services.

On April 14, 2008, the parties and their legal counsel attended a court ordered settlement conference which was presided over by Magistrate Judge Kimberly E. West. The settlement conference concluded in settlement and the parties signed a hand-written document detailing the terms of the settlement agreement and it was signed by all the parties. As a result, this Court entered a "Judgment Dismissing Action by Reason of Settlement" on April 15, 2008.

Defense counsel drafted and forwarded a "Confidential Settlement Agreement and Release of Claims" to plaintiff's legal counsel via e-mail on May 5, 2008. Defense counsel never received a response to his May 5, 2008, e-mail.

On May 14, 2008, plaintiff filed a Complaint *pro se* to initiate Case No. 08-178. Comparing this Complaint with the Complaint filed in 07-261, it is clear it arises out of the same set of facts and contains essentially the same allegations. It clearly contains the same allegations which were part of the settlement agreement entered into on April 14, 2008.

On December 8, 2008, the defendants filed in 07-261 a Motion to Enforce Settlement Agreement. On this same date, defendants filed in 08-178 a Motion to Strike Plaintiff's Complaint and Dismiss with Prejudice. In the motions defendants seek enforcement of the settlement agreement and dismissal of the latest lawsuit. Defendants also seek to set off the costs of this litigation against the amount of money they owe plaintiff

pursuant to the provisions of the original settlement agreement.

Plaintiff filed a response to these motions arguing the agreement should not be honored because it shows a consistent pattern of bad faith.  She argues the circumstances leading to and surrounding the settlement agreement do not meet the tests of "good faith, diligence, reasonableness, and 'care' and 'free', 'mutual' and 'communicated' 'consent' and fall within the meaning of 'estoppel', 'fraud', 'undue influence', 'misrepresentation' and 'mistake of fact'".  She claims she was "constrictively placed in the fundamentally prejudicial and unfair circumstances by way of (1) fully absent defendant's discovery due to plaintiff, (2) plaintiff's counsel not receiving and enforcing timely and adequate defendant's discovery in a timely manner due to plaintiff; and (3) substantially inadequate preparedness of plaintiff's counsel which effectively disable plaintiff's counsel from adequately asserting factual and legal claims, issues and rights, and engage in a meaningful settlement discussion."  Plaintiff also alleges she was induced to sign the settlement agreement due to lack of nutrition because the settlement conference lasted for a long time.  She also asserts her lawyer had undue influence over her.  Finally, she argues that defendants' motion claims are equitably estopped by reason of abuse of process and fraud causing a fundamentally limited scope of consideration by the plaintiff.

The court has previously found in case number 07-261 that the settlement agreement was valid and enforceable.  The settlement agreement states plaintiff will dismiss 07-261 with prejudice to re-filing and she would sign a release of any and all future claims against defendants.  As the court has previously stated the instant case involves the same facts and allegations as the claims in 07-261.  As a result, the court

finds this lawsuit is barred by the terms of the original settlement agreement.  Accordingly, Defendants' Motion to Strike Plaintiff's Complaint and Dismiss with Prejudice is hereby granted.

**IT IS SO ORDERED** this 11th day of February 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma